UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN N. YOUNGS | : | CIVIL ACTION NO.: 3:13CV476 |
| | : | |
| VS. | : | |
| | : | |
| LOUIS J. FUSARO, SR., | : | |
| W. T. MOLIS, JR., | : | |
| PATRICK MICKENS and | : | |
| DELMAR CARTER | : | APRIL 8, 2013 |

## C O M P L A I N T

1.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.  The plaintiff is an adult citizen of the United States who resides in Norwich, Connecticut.  At the time of the events hereinafter described, he was the owner and operator of *Who Got Next?*, a barber shop located at 263 Central Avenue in Norwich, and was the holder of a City of Norwich vending permit permitting him to sell hotdogs from a cart in downtown Norwich.

4. During all times mentioned in this action, the defendants Mickens and Carter were officers in the Norwich Police Department, defendant Molis was a Lieutenant in the Records/Support Services Division of that department, and the defendant Fusaro was the Chief of Police.  All of the defendants were acting in their said capacities, they are sued only in their individual capacities.

5. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. At all times mentioned in this Complaint, the defendants Mickens and Carter acted jointly and in concert with each other; and the defendants Molis and Fusaro acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant with whom he acted in concert, but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.

7. On or about July 2, 2010, the defendants Mickens and Carter applied for and obtained a search warrant authorizing them to search the business located next door to the plaintiff's aforesaid business.  The location described in the search warrant, which was prepared by the defendants and submitted to a Judge of the Connecticut Superior Court, authorized the defendants to search

the *Who's Next Barbershop* located at 261 Central Avenue in Norwich.

    8. Armed with the said warrant, at approximately 4:30 in the afternoon on July 2, 2010, the defendants Mickens and Carter unlawfully entered and searched the plaintiff's aforesaid business at 263 Central Avenue and, among other things, seized from the plaintiff's at that location a total of approximately $2,084.00.

    9. At no time did the defendants Mickens and Carter have, or seek, a search warrant authorizing them to search the plaintiff's business or premises, although no exigent circumstances existed to justify or excuse their failure to do so.

    10. In the manner described above, the defendants Mickens and Carter violated the plaintiff's right to be free from warrantless and unreasonable searches and seizures, a right guaranteed to him by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

    11. Thereafter, on July 7, 2010, the defendants Fusaro and Molis unilaterally and based solely on the fact that the plaintiff had been arrested by defendants Mickens and Carter on July 2, 2010, revoked the plaintiff's aforesaid vendor's permit. At no time was the plaintiff offered any opportunity to defend himself or to offer any reason why his permit should not be revoked.

12. As a result of the aforesaid actions of the defendants Fusaro and Molis, the plaintiff suffered the loss of his permit, the loss of his vending business and economic injuries.

13. In the manner described above, the defendants Fusaro and Molis deprived the plaintiff of a vested property interest without procedural due process, in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

THE PLAINTIFF

BY: /s/
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
His Attorney